UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
NO: 2:13-CV-00030-BR

| | | |
|---|---|---|
| PNC BANK, N.A., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER |
| v. | ) | |
| | ) | |
| ELIOT TOD GASKILL, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on defendant's motion to dismiss this action based on lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). (DE # 7.) Plaintiff has filed a response in opposition to the motion. (DE # 11.) Defendant has not filed a reply, and the time within which to do so has expired.

On 6 May 2013, plaintiff initiated this action in this court. Plaintiff is a national bank, with its home office, as set forth in its Articles of Association, in Delaware. (Compl., DE # 1, ¶ 1.) The action arises out of three loans that plaintiff's predecessor, RBC Centura Bank, made to defendant in 2006. (Id. ¶¶ 6-11.) Plaintiff alleges that defendant, a resident of North Carolina, has defaulted under the terms of the pertinent loan documents and owes it in excess of $600,000. (Id. ¶¶ 2, 14-23.) Jurisdiction is allegedly based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a). (Id. ¶ 3.)

Under this statute, a federal district court possesses original jurisdiction over a civil action if the amount in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states. "In order to establish diversity jurisdiction, the parties must be completely diverse; none of the plaintiffs may share citizenship with any of the defendants."

Owens–Illinois, Inc. v. Meade, 186 F.3d 435, 440 (4th Cir. 2004). The burden of proving subject matter jurisdiction in response to a Rule 12(b)(1) motion to dismiss is on the plaintiff, the party asserting jurisdiction. Williams v. United States, 50 F.3d 299, 304 (4th Cir. 1995).

Defendant does not dispute that the amount in controversy under § 1332(a) is satisfied. Rather, he argues that because RBC Centura Bank was a North Carolina corporation at the time the parties entered into the various loan documents and because plaintiff, as the successor to RBC Centura Bank, continues to do business in North Carolina, diversity of citizenship does not exist. (Mot., DE # 7, ¶¶ 8-13.) As plaintiff points out, this argument is misplaced. "From the beginning of the diversity jurisdiction, the rule in actions commenced by plaintiffs in federal court has been that the citizenship of the parties at the time of commencement of the action determines whether the requisite diversity exists." Rowland v. Patterson, 882 F.2d 97, 98 (4th Cir. 1989) (citations omitted). With respect to merged companies, it is the surviving entity's citizenship which is determinative for diversity. Mirales v. Wells Fargo Bank, N.A., 845 F. Supp. 2d 1034, 1046 n.75 (C.D. Cal. 2012); Wilkins v. Wachovia Corp., No. 5:10-CV-00249-D, 2011 WL 902031, at *3 (E.D.N.C. Feb. 28, 2011) (memorandum and recommendation), adopted in relevant part, docket entry # 34 (E.D.N.C. Mar. 15, 2011); see also 13F Charles A. Wright et al., Federal Practice and Procedure § 3623 (3d ed. 2009) ("When two or more corporations merge the citizenship question arises, but the answer comes much more easily than in the dissolution context. The cases seem to be in agreement that the citizenship of the surviving entity is controlling; the citizenship of the predecessor company becomes irrelevant." (footnote citing cases omitted)). "[A] national bank is a citizen of the state in which its main office, as designated in the articles of association, is located." Wells Fargo Bank v. Levin Prof'l Servs.,

2

Inc., 189 F. App'x 239, 239 n.1 (4th Cir. 2006) (citing Wachovia Bank v. Schmidt, 546 U.S. 303 (2006)).

In this case, prior to the instant suit, RBC Centura Bank changed its name and then later merged into plaintiff and ceased to exist as a separate entity. (Compl., DE # 1, ¶¶ 12-13.) Plaintiff, the surviving entity, is a citizen of Delaware.[1] (See id. ¶ 1.) As such, plaintiff and defendant are diverse in citizenship.

Defendant's motion is DENIED.

This 12 September 2013.

                                                      W. Earl Britt
                                                      Senior U.S. District Judge

---

[1] Some courts have held that a national bank is also a citizen of the state where its principal place of business is located. See, e.g., Olson v. Wells Fargo Bank, N.A., No. CV 13-2906-GHK (AGRx), ___ F. Supp. 2d ___, 2013 WL 4407495, at *12 (C.D. Cal. Aug. 1, 2013). The Fourth Circuit Court of Appeals does not appear to have addressed the issue. At any rate, it would not make a difference here, as plaintiff's principal place of business is not located in North Carolina. (See Compl., DE # 1, ¶ 1 (Pennsylvania).)

3